IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEREL D. DIXON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.12-1180 |
| | ) Judge Terrence McVerry |
| ROBERT ELMORE, | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint, which was commenced *in forma pauperis*, be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B), as frivolous, for failure to state a claim upon which relief may be granted, and as seeking monetary relief against a defendant who is immune from such relief.

## II. REPORT

Plaintiff, proceeding *pro se*, filed this action alleging violations of 42 U.S.C. §§1986 and 1983 and various state common law claims and is seeking monetary damages and injunctive relief.

### A. Legal Standards

The Court must liberally construe the factual allegations of Plaintiff's Complaint because *pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erikson v. Pardus, 551 U.S. 89, 94 (2007) (internal

1

quotation omitted); Haines v. Kerner, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veterans Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)).

This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Although Plaintiff is currently incarcerated, he is not seeking "redress from a governmental entity or officer or employee of a governmental entity" and therefore, 1915A does not apply to Plaintiff's complaint. 28 U.S.C. §1915A. However, the amendments to the PLRA codified at 28 U.S.C. §1915 apply to individuals who have been granted *in forma pauperis* ("IFP") status. *See* Powell v. Hoover, 956 F. Supp. 564, 566 (M.D.Pa. 1997) (holding that federal *in forma pauperis* statute is not limited to prisoner suits); Floyd v. U.S. Postal Serv., 105 F.3d 274, 276 (6th Cir. 1997) (holding that non-prisoners have the option to proceed *in forma pauperis*), superseded on other grounds by Callahan v. Schenider, 178 F.3d 800 (6th Cir. 1997). Pursuant to 28 U.S.C. §1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e).

Pertinent to the case at bar is the authority granted to federal courts for the *sua sponte* dismissal of claims in IFP proceedings. Specifically, Section 1915(e), as amended, requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). "[A] complaint…is frivolous where it lacks an arguable basis

either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hawkins v. Coleman Hall, C.C.F., No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact." (citing Neitzke, supra). Thus, under §1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" O'Neal v. Remus, No. 09-14661, 2010 WL 1463011, at *1 (E.D.Mich. Mar. 17, 2010) (quoting Price v. Heyrman, No. 06-C-632, 2007 WL 188971, at *1 (E.D.Wis. Jan. 22, 2007) (citing Neitzke, 490 U.S. at 327)).

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)[1] if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and §1915(d) both counsel dismissal." Neitzke, 490 U.S. at 328 (footnote omitted).

B. **Plaintiff's Claims**

Plaintiff's claims derive from the victim impact statement given by Robert Elmore ("Defendant") at Plaintiff's sentencing hearing on August 12, 2011 in Criminal Case No. 1027 in the Beaver County Court of Common Pleas.

---

[1] In reviewing complaints under 28 U.S.C. §1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). D'Agostino v. CECOM RDEC, 436 F. App'x 70, 72 (3d Cir. 2011) (citing Tourscher v. McCullough, 184 F.3d

3

On August 5, 2011, Plaintiff, Terel Dixon, pleaded guilty to the third-degree murder of Kevin Johnson before Judge Tesla. (Pl.'s Aff. at ¶1, ECF No. 5-1.) Thereafter, Judge Tesla held a sentencing hearing on August 12, 2011, which Plaintiff, as well as Defendant, members of Defendant's family, members of Plaintiff's family, other named victims, and members of the media, attended. (Compl. at Part IV, ECF No.5.) At the sentencing hearing, Defendant, who is the stepfather of the murder victim, provided a victim impact statement. (Compl. at Part; Pl.'s Aff. At ¶¶3-4.) During his testimony, Defendant described the chain of events that led to the death of his stepson as an "ambush-style killing." (Compl. at Part IV; Pl.'s Aff. at ¶5.)

Plaintiff alleges that Defendant's description of the killing as "ambush-style" was false and given in an effort to persuaded Judge Tesla to impose the maximum punishment upon him. (Compl. at Part IV.) Plaintiff further alleges that Defendant's sole purpose in issuing this "slanderous" statement was to "humiliate, intimidate, and interfere with the outcome" of Plaintiff's sentencing hearing in such a way that it would deter the judge from making a fair and impartial judgment. (Id.) As a consequence of Defendant's false testimony, Plaintiff contends that his family, specifically his sister, has received threats which recite some of the statements Defendant made at Plaintiff's sentencing hearing. (Id.)

In addition, Plaintiff contends that since the sentencing hearing, he has lived in fear of retaliation upon himself and his family. (Id.) Plaintiff alleges that the possibility of retaliation against him could likely occur in the state correctional facility at the behest of Melvin Johnson, who was in charge of a "lucrative drug-trafficking organization" for a number of years and is a convicted felon already incarcerated in a state correctional facility. (Id.) Plaintiff alleges that he has lost sleep worrying about possible retaliation on him and his family. (Id.)

Following the imposition of his sentence, Plaintiff initiated the present action on August 17, 2012 pursuant to 42 U.S.C. §1986. In his complaint, Plaintiff attempts to set forth the following claims: (1) abuse of process; (2) obstruction of justice; (3) conspiracy to interfere with civil rights; (4) violation of Plaintiff's substantive due process rights; (5) violation of Plaintiff's procedural due process rights; (6) intentional and/or negligent infliction of emotional distress; (7) civil rights deprivation; (8) perjury; and (9) slander. (Compl. at Part III, ¶2.) In relief, Plaintiff seeks reimbursement of all restitution that he paid to Kevin Johnson's family and forfeiture of all future restitution payments. (Compl. at Part VI.) Additionally, Plaintiff seeks nominal damages in the amount of $29,000 for injuries that he suffered and "out-of-pocket expenses that Plaintiff paid" to file his present Complaint. (Id.) Plaintiff also is requesting copies of the criminal records of Melvin Johnson, Kevin Johnson and Carlin Johnson, and a court order prohibiting Defendant from testifying at any of Plaintiff's subsequent court proceedings. (Id.)

## C. Discussion

### 1. Required Elements of 42 U.S.C. §1986 claim

42 U.S.C. §1986 provides in pertinent part:

> Every person who, having knowledge that any of the wrongs
> conspired to be done, and mentioned in section 1985 of this title,
> are about to be committed, and having power to prevent or aid in
> preventing the commission of the same, neglects or refuses so to
> do, if such wrongful act be committed, shall be liable to the party
> injured, or his legal representatives, for all damages caused by such
> wrongful act, which such person by reasonable diligence could
> have prevented; and such damages may be recovered in an action
> on the case….

42 U.S.C. §1986. "'[T]ransgressions of §1986 by definition depend on a preexisting violation of §1985….'" Clark v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994) (quoting Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980)). A plaintiff claiming a violation of §1986 must also

show that: "(1) the defendant had actual knowledge of a §1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a §1985 violation, (3) the defendant neglected or refused to prevent a §1985 conspiracy, and (4) a wrongful act was committed." Clark, 20 F.3d at 1295 (citing Perez v. Cucci, 725 F.Supp. 209, 254 (D.N.J. 1989)) (other citation omitted). Therefore, if the plaintiff in a §1986 claim fails to state a claim for a §1985 violation, a claim under §1986 cannot survive. Bieros v. Nicola, 839 F.Supp. 332, 336 (E.D.Pa. 1993) (citing Marino v. Bowers, 483 F.Supp. 765, 769 (E.D.Pa. 1980); J.D. Pflaumer, Inc. v. United States Dept. of Justice, 450 F.Supp. 1125, 1131 (E.D.Pa. 1978)).

While firsthand knowledge of the conspiracy is not explicitly required under §1986, "courts have nevertheless required 'actual knowledge.'" Clark, 20 F.3d at 1296 (citing Hampton v. City of Chicago, 484 F.2d 602, 610 (1973); Perez, 725 F.Supp. at 254). "Mere conclusory allegations that a conspiracy existed will not survive a motion to dismiss." Boykin v. Bloomsburg Univ. of Pa., 893 F.Supp. 409, 418 (M.D.Pa. 1995), *aff'd* 91 F.3d 122 (3d Cir. 1996) (citing Rogan, 616 F.2d at 696).

Liability under §1986 is not imposed on the person who violates §1985. Id. Instead, §1986 holds liable the person who knows that a violation of §1985 is going to occur, has the power to stop it from occurring, and does not stop it from occurring. Id. §1986 allows a cause of action against the party who had knowledge of the conspiracy to violate §1985, had the power to prevent it, and failed to do so. Boykin, 893 F.Supp. at 418.

Last, §1986 explicitly states that "…no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." 42 U.S.C. §1986. Therefore, a plaintiff is precluded from bringing a §1986 claim if he does not file it within one year of when the cause of action accrued, even if he adequately states a claim under

6

§1985. Bieros, 839 F.Supp. at 337. "A civil rights action is said to accrue when a plaintiff knows or has reason to know of the injury which is the basis of the action, or when facts supportive of a civil rights action are or should be apparent to a reasonably prudent person similarly situated." Edwards v. Sotomayor, 557 F.Supp. 209, 214 (D.C. P. R. 1983) (citing Doyle v. Univ. of Alabama at Birmingham, 680 F.2d 1323, 1325 (11th Cir. 1982)).

### 2. Plaintiff's Complaint fails to state a claim under 42 U.S.C. §1986

As previously mentioned, in order to state a claim under §1986, there must be an underlying claim of a §1985 violation. There are three subsections to Section 1985. While it is unclear which of these three subsections Plaintiff is alleging Defendant violated, his claim may be construed to be a claim of a Section 1985(2) or a Section 1985(3) violation. Section 1985(2) provides a cause of action for a party injured or deprived of exercising a right against one or more of the conspirators:

> [i]f two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

42 U.S.C. §1985(2). Section 1985(3) also provides a cause of action for a party injured:

> [i]f two or more persons in any State or Territory conspire…for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal

> privileges and immunities under the laws… in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States….

42 U.S.C. §1985.

### a. Plaintiff's Complaint fails to plead an underlying conspiracy under 42 U.S.C. §1985.

Regardless of which subsection of Section 1985 Plaintiff is alleging that Robert Elmore violated, he must allege an underlying conspiracy in order to state a claim under either subsection (2) or (3). Plaintiff has failed to assert any facts alleging an underlying conspiracy under Section 1985. Both subsections require that a plaintiff allege that the "conspirators intended to deny him equal protection of the laws." Muhammad v. Davis, 461 F. App'x. 91, 92 (3d Cir. 2012) (citing Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997)). In order to state a valid claim under either subsection (2) or subsection (3), a plaintiff must allege that an "actual agreement existed among the parties." Muhammad v. Cappellini, No. 11-3993, 2012 WL 1010857, at *2 (3d Cir. Mar. 27, 2012) (citing Startzell v. City of Phila., 533 F.3d 183, 205 (3d Cir. 2008)). Therefore, in order for a plaintiff to successfully plead a claim under subsection (2) or (3) of Section 1985, he must, at the very least, allege facts to show an agreement among co-conspirators to deny the plaintiff equal protection of the law.

In the instant case, Plaintiff's conspiracy allegations consist of two statements: (1) that Defendant "conspired to commit slander against Plaintiff, perjury against the Court and defame the character of Plaintiff" (Compl. at Part III, ¶1), and (2) that he "conspired to give false testimony in an effort to persuade the judge to impose maximum punishment upon Plaintiff at

the sentencing hearing of Plaintiff in case #1027 2010 of Beaver County." (Compl. at Part IV.) Also in Paragraph Two of Part III of his Complaint, Plaintiff lists several claims, including "conspiracy to interfere with civil rights" and "conspiracy to defame or otherwise harm reputation." However, these statements are conclusory and fail to contain any facts to suggest a plausible conspiracy claim under Section 1985.

For example, Plaintiff's Complaint contains statements concerning only Defendant's actions during Plaintiff's sentencing hearing and no one else's. Plaintiff does not identify the alleged co-conspirators, nor does he mention their alleged part in the conspiracy or any actions which would demonstrate an actual agreement to conspire. As previously noted, "[m]ere conclusory allegations that a conspiracy existed will not survive a motion to dismiss." Boykin, 893 F.Supp. at 418 (citing Rogan, 616 F.2d at 696). Thus, under the standard set out in Twombly, Plaintiff has failed to allege a plausible Section 1985 conspiracy, a prerequisite to stating a claim under Section 1986.

### b. Plaintiff's §1986 Claim is Barred by the Statute of Limitations

Even if Plaintiff's Complaint can somehow be construed to assert an underlying conspiracy under Section 1985, thus satisfying the requirements of Section 1986, his claim still fails because Plaintiff filed the Complaint after the one year statute of limitations expired. 42 U.S.C. §1986 explicitly requires that a claim under this section be filed within one year when it states "[b]ut no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." 42 U.S.C. §1986.

Generally, "a claim accrues at the time that a tortfeasor interferes with a victims rights." Peck v. United States, 470 F.Supp. 1003, 1018 (S.D.N.Y. 1979) (citing Rinehart v. Locke, 454 F.2d 313, 315 (7th Cir. 1971)). In the instant case, the cause of action, if there was one, accrued

9

at the time Defendant allegedly interfered with Plaintiff's rights, which, according to Plaintiff, occurred when Defendant testified at his sentencing hearing before Judge Tesla on August 12, 2011. (Pl.'s Aff. at ¶2.) In order for Plaintiff's claim to be filed within the one year time period, he must have filed his claim before August 12, 2012. Plaintiff's action was commenced on August 17, 2012 by the filing of a motion to proceed *in forma pauperis* in conjunction with the Complaint. (ECF No.1.) Therefore, because Plaintiff commenced this action after August 11, 2012, his Section 1986 claim is time-barred.

### 3. Due Process Claims

In addition to alleging a civil rights claim against Defendant for violating Section 1986, Plaintiff also alleges, in a conclusory fashion, both procedural and substantive due process claims, presumably under Section 1983. However, plaintiff's due process claims fail because Defendant does not meet the state actor requirement.

In order to "state claim of liability under §1983 claim, [a plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor." Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005) (citation omitted). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . , subjects, or causes to be subjected, any citizen of the United States of any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. Therefore, to state a claim for relief under §1983, Plaintiff must demonstrate both that Defendant was acting under color of state law and that a constitutional violation was directly caused by Defendant's conduct. Piecknick v. Commw. of Pa., 36 F.3d 1250, 1255-56 (3d Cir. 1994). Section 1983 does not create rights; it simply provides a remedy for violations of

those rights created by the United States Constitution or federal law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996) (citing Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

The plaintiff bears the burden of establishing that the defendant is a state actor for purposes of Section 1983. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1994) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). Here, the Complaint does not allege any factual allegations in his Complaint that suggest Defendant is employed by a state agency or that he acted under the color of state law at Plaintiff's sentencing hearing. Therefore, Plaintiff has not shown that Defendant is a state actor.

Nevertheless, private individuals are not immediately insulated from liability as the Supreme Court has found that "the acts of a private party are fairly attributable to the state on certain occasions when the private party acted in concert with state actors." Rendell-Baker v. Kohn, 457 U.S. 830, 838 n.6 (1982); Tower v. Glover, 467 U.S. 914, 920 (1984) ("an otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights.") (citing Dennis v. Sparks, 449 U.S. 24, 27-28 (1980)).

The question of whether a private party's actions implicate liability under section 1983 was addressed by the Supreme Court in Lugar v. Edmonson Oil Co., Inc., 457 U.S. 922 (1982). In Lugar, the Supreme Court established a two prong test to determine whether and when a private party who invokes a state procedure acts under color of law for purposes of Section 1983:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible . . .. Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

11

Id. at 937. Only the second prong of the Lugar test is implicated here, in particular, whether Elmore acted together with state officials.

In his complaint, Plaintiff merely alleges that "Defendant conspired to commit slander against Plaintiff." (Compl. at Part III, ¶1.) He does not allege any facts in support of his conspiracy claim nor mention with whom Defendant allegedly conspired. Plaintiff has not alleged any facts in his Complaint suggesting or inferring any action on the part of Defendant which could be attributed to a state actor.

Therefore, Plaintiff has not sufficiently alleged any facts in his Complaint that show or suggest that Defendant was acting under color of state law for purposes of Section 1983 liability. Since the Complaint does not allege that Defendant was a state actor when he testified during the plaintiff's sentencing hearing, Plaintiff cannot show that Defendant meets the state actor requirement to show a plausible Section 1983 claim. Accordingly, the Court recommends that Plaintiff's due process claims under Section 1983 be dismissed with prejudice.

**4. Witness Immunity**

Even if Plaintiff's Complaint can be construed to sufficiently state Section 1986 and 1983 claims against Defendant, Defendant is immune from liability under Sections 1983 and 1986 because the conduct which lies at the heart of those claims—Defendant's testimony at Plaintiff's sentencing hearing—was made at a court proceeding under the penalty of perjury. It is well settled that witnesses are absolutely immune from suit for testifying at trial or before a grand jury, as well as in pretrial proceedings, even if that testimony is false. *See* Briscoe v. LaHue, 460 U.S. 325, 342-46 (1983) (witness who testified in criminal trial had absolute immunity with respect to any claim based on the witness's testimony, even if the testimony was false); Rehberg v. Paulk, 132 S.Ct. 1497, 1506 (2012) (grand jury witnesses enjoy the same immunity as

witnesses at trial—absolute immunity from any Section 1983 claim based on the witness' testimony); Kulwicki v. Dawson, 969 F.2d 1454, 1467 & n. 16 (3d Cir. 1992) (witness at judicial proceeding was absolutely immune for false testimony); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988) (witness was entitled to absolute immunity from civil liability under Section 1983 for perjured testimony at a preliminary hearing and suppression hearings). Moreover, if a witness is immune from Section 1983 liability for testifying falsely at a judicial proceeding, the witness will also be immune for conspiring with others to testify falsely. *See* McArdle v. Tronetti, 961 F.2d 1083, 1085-86 (3d Cir. 1992), abrogated on other grounds as recognized in Loftus v. SEPTA, 843 F.Supp. 981, 984 (E.D.Pa. 1994). The witness immunity doctrine also applies specifically to Section 1986 claims, as well as other civil rights claims. *See* O'Connor v. Nevada, 686 F.2d 749, 750 (9th Cir. 1982) (holding that witnesses in a state judicial proceeding were absolutely immune from civil rights suit).

Plaintiff's Section 1983 and 1986 civil rights claims against Robert Elmore stem from testimony Defendant gave while he was a witness at Plaintiff's sentencing hearing. Therefore, because Plaintiff alleges no other conduct on the part of Defendant other than his actions during Plaintiff's sentencing hearing, Defendant is absolutely immune from Section 1983 and 1986 liability. Accordingly, the Court recommends that Plaintiff's Section 1986 claim and due process claim under Section 1983 be dismissed with prejudice.

### 5. Leave to Amend Complaint Would Be Futile

This Court recognizes that the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint—regardless of whether the plaintiff requests to do so—when dismissing a case for

failure to state a claim, unless doing so would be inequitable or futile.  *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).  Given that Plaintiff lacks an arguable basis in law for his Section 1986 and Section 1983 claims against Robert Elmore, it would be futile to allow him to amend his claims against Defendant. Therefore, this Court recommends that the Section 1983 and 1986 claims be dismissed with prejudice.

### 6. Court Declines to Exercise Supplemental Jurisdiction over Plaintiff's State Law Claims Because No Federal Claims Remain.

Under 28 U.S.C. §1367(a), federal courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  In other words, federal courts may constitutionally exercise supplemental jurisdiction over state law claims "when the state and federal claims derive from a common nucleus of operative fact, such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding." Sparks v. Hershey, 661 F.2d 30, 33 (3d Cir. 1981) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).  A federal court may, in its discretion, decline to exercise jurisdiction over pendant state law claims in four circumstances. 28 U.S.C. §1367(c).  The one circumstance relevant here is when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3).

In the case at bar, Plaintiff asserts state common law claims for perjury, slander, intentional and/or negligent infliction of emotional distress, obstruction of justice, and abuse of process[2] without any supporting factual allegations. Thus, it is unclear whether Plaintiff can

---

[2] Plaintiff makes no claims that the allegations of obstruction of justice and abuse of process are federal constitutional claims. Therefore, the Court interprets them to be state common law claims.

14

plead sufficient facts to state viable claims for these state common law violations against Defendant. However, because the Court has recommended dismissal of all federal claims with prejudice, the Court also recommends that supplemental jurisdiction should not be exercised over Plaintiff's pendant state law claims.

Therefore, the Court recommends the state law claims be dismissed without prejudice so that Plaintiff may bring them in state court should he so desire.

### III. CONCLUSION

In conclusion, it is the recommendation of the undersigned that Plaintiff's Complaint, which was commenced *in forma pauperis*, be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B), as frivolous, for failure to state a claim upon which relief may be granted, and as seeking monetary relief against a defendant who is immune from such relief, and that the state law claims be dismissed without prejudice.

Dated: October 25, 2012

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc: **TEREL D. DIXON**
    KD-7082
    SCI Graterford
    Box 244
    Graterford, PA 19426